**LOUISIANA LAND & EXPLORATION CO. v. UNITED STATES.**

No. 46131.

Court of Claims.

March 4, 1946.

James H. Yeatman, of Houston, Tex., for plaintiff.

H. S. Fessenden, of Washington, D. C., Samuel O. Clark, Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and LITTLETON, JONES, WHITAKER, and MADDEN, Judges.

Plaintiff seeks to recover $30,092.18, with interest, as an overpayment of additional income tax and interest thereon for 1938. The only question now in the case is whether plaintiff is entitled under sec. 114 (b) (3) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 114(b) (3), to an allowance for oil and gas depletion in the amount of $155,772.86 at the rate of 27½ percent on income of $566,446.77 received in 1938 under the terms of its contract with the Texas Company. The depletion mentioned was claimed and deducted by plaintiff in its 1938 return, but the deduction was disallowed on the ground that the income on which such deduction was claimed represented cash income of 8½ percent of the net profits realized by the Texas Company at the mouth of the wells from the production of oil and gas on certain properties owned or held under lease by plaintiff. This action was based on the theory that to the extent that plaintiff shared in the net profits earned by the Texas Company, it did not retain under the contract any depletable interest in the oil and gas in place.

LITTLETON, Judge.

The material facts in this case are substantially the same as the facts involved in Kirby Petroleum Company v. Commissioner of Internal Revenue, and Commissioner

of Internal Revenue v. Crawford, 326 U.S. ——, 66 S.Ct. 409, 412, decided January 28, 1946. Both of these cases involved the right of taxpayers to depletion on a percentage of the net profits of the operating lessees. The Supreme Court held, at the conclusion of its opinion, as follows:

" * * *. The facts of each transaction must be appraised to determine whether the transferor has made an absolute sale or has retained an economic interest—a capital investment.

"In our view, the 'net profit' payments in these cases flow directly from the taxpayers' economic interest in the oil and partake of the quality of rent rather than of a sale price. Therefore, the capital investment of the lessors is reduced by the extraction of the oil and the lessors should have depletion."

Under the facts and the above decision, plaintiff is entitled to recover and judgment will be entered in its favor for $30,092.18, with interest as provided by law. It is so ordered.

JONES and WHITAKER, Judges, and WHALEY, Chief Justice, concur.

MADDEN, Judge, took no part in the decision of this case.

WHITAKER, Judge, dissenting.